UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLUE CROSS BLUE SHIELD OF
MICHIGAN, a Michigan nonprofit
health care corporation,

       Case No. 09-14260

    Plaintiff,

       Hon. Patrick J. Duggan

v.

MEDIMPACT HEALTHCARE
SYSTEMS, INC., a California
corporation,

    Defendant.
_____/

**ORDER DISSOLVING THIS COURT'S NOVEMBER 23, 2009,
PRELIMINARY INJUNCTION AND CONFIRMING THE
ARBITRATOR'S INTERIM AWARD OF INJUNCTIVE RELIEF**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 24, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

**I. Facts and Procedural Background**

Blue Cross Blue Shield of Michigan ("BCBSM") filed the present lawsuit on October 29, 2009, seeking injunctive relief, specific performance, and declaratory relief requiring that MedImpact Healthcare Systems, Inc. ("MedImpact") continue providing pharmacy benefit managing services under the terms of an agreement between the parties

beyond December 31, 2009.[1]  On November 2, 2009, BCBSM filed a motion for a preliminary injunction seeking MedImpact's continued performance during the pendency of the action.  MedImpact responded to the motion and filed a separate motion to dismiss or stay the proceedings pending arbitration.  The Court heard argument on the motions on November 18, 2009, at which time BCBSM conceded that arbitration was appropriate.

On November 23, 2009, this Court granted BCBSM's motion for a preliminary injunction and otherwise stayed the proceeding pending arbitration.  Among other things, the Court's November 23 Order required that MedImpact continue processing BCBSM's commercial claims; that BCBSM immediately transfer $1 million to MedImpact; that BCBSM pay MedImpact $400,000 on the first of each month starting January 1, 2010, "until such time as an arbitrator enters an alternative order regarding temporary injunctive or final relief;" that BCBSM immediately demand arbitration under the agreement in San Diego, California; and that the parties "initially proceed under the Optional Rules for Emergency Measures of Protection of the Commercial Arbitration Rules of the American Arbitration Association and then expeditiously pursue a final resolution of the issue in arbitration."  The order further provided that the injunctive relief "is intended to last only until such time as an arbitrator takes jurisdiction and enters some form of relief" and that either party could seek dissolution of the injunction at that time.

As required, the parties proceeded to arbitration in San Diego, California.  On

---

[1] BCBSM specifically seeks continued performance of the agreement until July 31, 2010.

December 24, 2009, an arbitrator entered an "Interim Award of Injunctive Relief on Commercial Dispute." (Mot. to Confirm Ex. B.) That award largely mirrors this Court's order of injunctive relief but increases the monthly compensation due MedImpact after January 1, 2010, to $540,000. (*See id.* Award ¶ 1.2(a).) The interim award also directs the parties to seek an order dissolving this Court's preliminary injunction. (*Id.* Award ¶ 2.)

On February 22, 2010, BCBSM filed a Motion to Confirm Arbitration Award that is presently pending before the Court. Therein BCBSM seeks confirmation of the arbitrator's interim award of injunctive relief. MedImpact opposes the motion, seeking dissolution of this Court's preliminary injunction order without confirmation of the arbitrator's interim award. The matter has now been fully briefed and the Court heard argument on June 23, 2010. For the reasons set forth below, the Court grants BCBSM's motion to confirm and dissolves the November 23 preliminary injunction.

## II. Confirmation of Arbitration Awards

Arbitration awards are subject to confirmation or vacatur in federal district courts only when "the arbitrator's decision was final, not interlocutory." *El Mundo Broad. Corp. v. United Steelworkers of America, AFL-CIO CLC*, 116 F.3d 7, 9 (1st Cir. 1997); *see also Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980). "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Michaels*, 624 F.2d at 413. However, under certain circumstances, "interim" awards can qualify as "final" and be eligible for

confirmation.

An "interim" award may be sufficiently final to warrant review in federal district court when it "finally and definitively disposes of a separate independent claim . . . ." *Island Creek Coal Sales Co. v. City of Gainesville*, 729 F.2d 1046, 1049 (6th Cir. 1984), *abrogated on other grounds by Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 120 S. Ct. 1331 (2000). In this case, BCBSM seeks confirmation of the interim award as a final determination on the issue of preliminary injunctive relief while MedImpact maintains that the order is not final and remains subject to modification by arbitrators.

Analyzing the same issue about confirmation of interim awards of preliminary injunctive relief, the Sixth Circuit affirmed a district court's observation that "[t]he interim award disposes of one self-contained issue, namely, whether [a party] is required to perform the contract during the pendency of the arbitration proceedings. Th[is] issue is a separate, discrete, independent, severable issue." *Island Creek*, 729 F.2d at 1049 (internal quotation omitted) (alteration in original). Similarly, another judge in this district observed that interim awards tend to be viewed as resolving "separate independent" claims subject to confirmation when they involve "the sort of prejudgment relief that a court might award to preserve the status quo during the ensuing proceedings, or to otherwise ensure that the arbitrator's final award on the merits is capable of meaningful enforcement." *Hall Steel Co. v. Metalloyd Ltd.*, 492 F. Supp. 2d 715, 720 (E.D. Mich. 2007). The interim award of injunctive relief in this case falls squarely

4

within these descriptions of interim awards subject to confirmation.

Even so, MedImpact argues that the Court should refrain from becoming involved because the parties in this case are complying with the arbitrator's interim award of injunctive relief. BCBSM disputes this allegation, claiming that MedImpact has been ignoring some of its obligations. At this stage of the proceeding, the Court need not decide which party correctly describes the facts as to this issue. Because the interim award for injunctive relief qualifies as one that finally and definitively disposes of a separate independent claim, it is subject to confirmation.

Finally, MedImpact argues that BCBSM should be seeking confirmation in the federal district court where the arbitration is taking place. *See* 9 U.S.C. § 9. As the Court that imposed a separate order of injunctive relief and ordered these parties to arbitration, however, BCBSM's motion to confirm is properly before this Court. *See Cortez Byrd Chips*, 259 U.S. at 202, 120 S. Ct. at 1338 ("[T]he court with the power to stay the action [for arbitration under the Federal Arbitration Act] has the further power to confirm any ensuing arbitration award."). For this reason and for the reasons stated above, the Court grants BCBSM's motion to confirm.

## II. This Court's Preliminary Injunction

As indicated in the November 23 Order, this Court's preliminary injunction was "intended to last only until such time as an arbitrator takes jurisdiction and enters some form of relief." Because an arbitrator has now taken jurisdiction and entered an interim award of injunctive relief, the Court hereby dissolves the November 23 preliminary

5

injunction. Given the confirmation of the arbitrator's interim award, the parties are directed to abide by the terms of that order. Finally, the Court again stays this proceeding pending arbitration. *See* 9 U.S.C. § 3.

Accordingly,

**IT IS ORDERED** that BCBSM's Motion to Confirm Arbitration Award is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's November 23 Preliminary Injunction is **DISSOLVED**.

**IT IS FURTHER ORDERED** that this matter be **STAYED** pending arbitration.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies To:
G. Christopher Bernard, Esq.
James J. Walsh, Esq.
Daniel N. Sharkey, Esq.
Thomas M. Staunton, Esq.